Cite as: 553 U. S. \_\_\_\_ (2008)          1

# SUPREME COURT OF THE UNITED STATES

CHRISTOPHER SCOTT EMMETT *v.* GENE M.
JOHNSON, DIRECTOR, VIRGINIA DEPART-
MENT OF CORRECTIONS, ET AL.

ON MOTION TO VACATE STAY OF EXECUTION OF SENTENCE
OF DEATH

No. 07A304.   Decided May 19, 2008

The motion to vacate the stay of execution of sentence of death issued by the Court on October 17, 2007, is granted.

JUSTICE STEVENS, with whom JUSTICE SOUTER and JUSTICE GINSBURG join, dissenting.

In 2001, Christopher Scott Emmett was convicted of capital murder and sentenced to death.  On April 19, 2007, Emmett filed suit under 42 U. S. C. §1983, asserting that Virginia's lethal injection protocol violated the Eighth Amendment.  The District Court for the Eastern District of Virginia granted summary judgment to the State, finding that Emmett failed to submit sufficient evidence to show that Virginia's method of execution created a "substantial risk that he will experience unnecessary pain that is serious or significant" or that prison officials were deliberately indifferent to such a risk.  511 F. Supp. 2d 634, 640, and n. 5 (2007) (internal quotation marks omitted).

On September 25, 2007, five days after the District Court denied relief, Emmett filed a notice of appeal with the Fourth Circuit.  On that same date, this Court granted certiorari in *Baze* v. *Rees*, 551 U. S. \_\_\_ (2007), to consider the constitutionality of Kentucky's lethal injection protocol.  As Emmett's October 17th execution date approached (without a final decision having been rendered by the Fourth Circuit), Emmett filed an application for a stay of execution in this Court.  We granted his application and entered a stay "pending final disposition of the appeal by

the United States Court of Appeals for the Fourth Circuit or further order of this Court." 552 U. S. ___.

The Commonwealth of Virginia has moved to vacate that stay. The Fourth Circuit has not rendered a final disposition on the appeal, but it has acted swiftly in the month since we issued our decision in *Baze*; it requested additional briefing on the impact of *Baze* the day after that opinion issued, received those briefs on May 2, and heard oral argument on Wednesday, May 14. I therefore believe we should leave our stay in place until the Fourth Circuit has an adequate opportunity to render a decision on the merits of Emmett's claim. The parties' filings with this Court highlight the existence of factual disputes concerning Virginia's lethal injection protocol, including whether it is substantially similar to the Kentucky protocol we declined to strike down in *Baze*. Because the Fourth Circuit has the trial record before it, and also has the benefit of extensive briefing and argument, it is in a significantly better position than we are to make these factual judgments when it rules on the merits of Emmett's appeal.

Although the parties are of course free to request a stay from the Fourth Circuit—a request that the court may well grant in order to complete its consideration of Emmett's appeal without the pressure of a looming execution date—I would not require the parties to shoulder the additional burden of filing superfluous papers when simply leaving our stay in place until final disposition by the Court of Appeals would also give the Fourth Circuit an opportunity to consider these important issues in the regular course. Accordingly, I respectfully dissent.